1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUIS ALVAREZ HURTADO,

           Plaintiff,

      v.

JOHN DOE SANCHEZ, *et al*,

           Defendants.

Case No.  C07-5554BHS-KLS

ORDER TO SHOW CAUSE

    This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon the Court's review of the complaint.  After reviewing the complaint and the balance of the record, the Court finds and orders as follows:

    A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

    Plaintiff is detainee at the Northwest Detention Center located in Tacoma, Washington.  He has filed a complaint for damages against defendants for alleged violations of his federal constitutional rights

1  and of the Americans with Disabilities Act.  That complaint, however, contains a number of deficiencies.

2  For example, plaintiff has made claims against certain individuals with the apparent last names of Wigen,

3  McBurney, Sadler, McCluskey, and Melendez, but has not specifically named them as defendants in

4  either the caption or the section of the complaint concerning the parties to this action.  As such, it is not

5  clear if and to what extent plaintiff intended to include them as parties herein.

6          In addition, two of the defendants who plaintiff does expressly name in his complaint appear to be

7  "John Doe" defendants, even though their last names are provided.  However, service of the complaint on

8  defendants whose full names and addresses are not provided will not be made.  Plaintiff, furthermore, has

9  failed to provide any copies of the complaint or service forms for service on defendants.  Finally, plaintiff

10  has made a number of allegations regarding violations of his constitutional rights, but fails in a number of

11  instances to set forth facts specifically showing how the actions of defendants, or lack thereof, caused him

12  actual harm particular to him.

13          As such, due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff

14  shall file an amended complaint, curing, if possible, the above deficiencies, or show cause explaining why

15  this matter should not be dismissed by **no later than December 29, 2007**.  Specifically, plaintiff shall set

16  out clearly in his amended complaint the full names and addresses, to the extent they are known, of those

17  individuals he is naming as defendants in this matter.  Plaintiff also shall set forth specific facts showing

18  how those named defendants caused or personally participated in causing the harm alleged.

19          The amended complaint must carry the same case number as this one.  If an amended complaint is

20  not timely filed or if plaintiff fails to adequately address these issues, the Court will recommend dismissal

21  of this action as frivolous pursuant to 28 U.S.C. § 1915.  In addition, plaintiff shall file the appropriate

22  number of copies of the complaint and service forms for service, including one copy and service form for

23  each named defendant, as well as, to the extent an officer or employee of the United States is being named

24  as a defendant as well, one copy and service form each for service on the Attorney General and the United

25  States Attorney for the Western District of Washington.

26          Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original

27  pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v.

28  Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915

(1992).  Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original

1   complaint.

2          The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended

3   complaint.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to

4   plaintiff.

5          DATED this 29th day of November, 2007.

6

7

8                                              Karen L. Strombom

9                                              United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 3